1  Kenneth Parker (Cal Bar No. 182911)
2  Jason Lao (Cal Bar No. 288161)
   HAYNES AND BOONE, LLP
   600 Anton Boulevard, Suite 700
3  Costa Mesa, California 92626
   Telephone: (949) 202-3000
4  Facsimile: (949) 202-3001

5  *Attorneys for SK Microworks America, Inc.*

6

7

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA

10 ## WESTERN DIVISION

11

| 12 | SK Microworks America, Inc. | ) | Case No.: 2:23-cv-10322 |
|----|------|---|------|
| 13 | Plaintiff, | ) | **COMPLAINT FOR:** |
| 14 | vs. | ) | **PATENT INFRINGEMENT** |
| 15 | Far Eastern New Century Corporation and Multi-Plastics, Inc. | ) | **JURY TRIAL DEMANDED** |
| 16 | Defendants. | ) | |

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT**

1.     Plaintiff SK Microworks America, Inc. ("SK Microworks America") for its Complaint against Defendants Far Eastern New Century Corporation ("FENC") and Multi-Plastics, Inc. ("Multi-Plastics") (collectively, "Defendants") hereby alleges as follows:

## BACKGROUND

2.     SK Microworks America is a leading manufacturer of polyester film, with its headquarters in Covington, Georgia. SK Microworks America employs over 170 employees in the United States and produces and sells various types of polyester films, including heat shrinkable film.

3.     SK Microworks America's heat-shrinkable PET film has excellent shrinkage and among other things is used as shrinkable labels for containers of various materials such as PET, PS, PE, glass, can, and others.  Its shrink properties are superior to those of other materials and can thus support more appealing and clearer designs. Thanks to its uniform thickness and stable dimensions, this film is highly efficient in processes such as printing, slitting, sealing, and labeling.

4.     In the face of compounding environmental crises with rising concern over climate change and resource scarcity, SK Microworks America has incorporated, and will continue to incorporate, sustainability practices and eco-conscious technology to minimize environmental footprint and waste generation. The company is committed to enhancing eco-friendly products that are recyclable and biodegradable, consistent with its "The First and Best in Eco-friendly Market" mission. Thus, SK Microworks America has developed its SK microworks Ecolabel products, a heat-shrinkable film that is compatible with every part of the PET bottle recycle system. Use of the SK microworks Ecolabel products allows provision of high quality shrink sleeves that improve recyclable PET yield and helps reduce plastic waste.

5.     The Association of Postconsumer Plastic Recyclers ("APR"), a key organization recognizing recyclability of plastic film and other materials, has

2

**COMPLAINT**

recognized SK Microworks America's Ecolabel™ film for sleeve labels as meeting or exceeding APR's Sleeve Label Ink and Substrate for PET Bottles Critical Guidance Document requirements.

6.    As discussed below, SK Microworks America's PET films are protected by patents regarding shrink rate and recyclability.  From 2020, however, on information and belief, began buying infringing materials from FENC. SK Microworks American now seeks to stop the defendants from continuing its wrongful infringement.

## PARTIES

7.    SK Microworks America is an entity formed under the laws of Georgia with its principal place of business at 1000 SKC Dr, Covington, GA 30014.

8.    On information and belief, Defendant FENC is a Taiwanese corporation with its principal place of business at 36F, Taipei Metro Tower, 207, Tun Hwa South Road, Sec. 2, Taipei, Taiwan, R.O.C.

9.    On information and belief, Defendant Multi-Plastics is an Ohio corporation with its principal place of business at 7770 N. Central Dr., Lewis Center, OH 43035-9404. On information and belief, Multi-Plastics has a regular and established place of business at 11625 Los Nietos Rd, Santa Fe Springs, CA 90670.

10.    On information and belief, Defendants work together to provide a heat-shrinkable polyester film for use on plastic containers (e.g., bottles).

## NATURE OF THE ACTION

11.    This action is for infringement of United States Patent Nos. 9,574,047 (the "'047 Patent"), 8,632,865 (the "'865 Patent"), 11,008,435 (the "'435 Patent"), 11,155,691 (the "'691 Patent"), 11,655,062 (the "'062 Patent"), 10,800,897 (the "'897 Patent"), and 10,800,898 (the "'898 Patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

3
**COMPLAINT**

12.     This action involves the Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services, and systems involving heat shrinkable polyester film that infringe one or more the claims of the Patents-in-Suit.

## JURISDICTION AND VENUE

13.     This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*.

14.     Defendants are subject to personal jurisdiction in this judicial district at least because: (1) at least Defendant Multi-Plastics maintains a regular and established place of business in California; (2) at least Defendant Multi-Plastics has a registered agent for service of process in California; (3) at least Defendant Multi-Plastics has a regular and established place of business in this District; (4) Defendants have purposefully availed themselves of the privileges of conducting business in this District by, among other things, offering Defendants' products and services to customers, business affiliates, and partners located in this judicial district; and (5) Defendants have committed acts of patent infringement of one or more of the claims of one or more of the Patents-in-Suit in this judicial district.

15.     Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), at least because Defendants are subject to personal jurisdiction and have committed acts of infringement in this district. Additionally, at least Defendant Multi-Plastics has a regular and established place of business in this district at 11625 Los Nietos Rd, Santa Fe Springs, CA 90670, and Defendant FENC is a foreign corporation and, therefore, subject to venue in any judicial district.

## SK MICROWORKS' INVENTION AND THE PATENTS-IN-SUIT

16.     SK Microworks America is a leading innovator and manufacturer of polyester film. As a result of SK Microworks America' investment in research and development and its commitment to innovation, SK Microworks America

4

**COMPLAINT**

developed a revolutionary heat-shrinkable polyester film with excellent shrinkage, which may be used as shrinkable labels for containers of various materials such as PET, PS, PE, glass, can, etc. SK Microworks America' revolutionary heat-shrinkable film has excellent shrinkage with high machinability. SK Microworks America' heat-shrinkable film also aims to solve environmental problems by improving the recyclability of the polyester container.

17. As a result of its innovation, SK Microworks America has been recognized as a market leader in the industry and has entered a significant license agreement with Eastman Chemical Company (an entity spun off from Eastman Kodak) in connection with SK Microworks America's revolutionary heat-shrinkable film.

18. On February 21, 2017, the United States Patent Office ("USPTO") duly and legally issued U.S. Patent No. 9,574,047, entitled "Heat-Shrinkable Polyester Film." A copy of the '047 Patent is attached hereto as **Exhibit 1.**

19. On January 21, 2014, the USPTO duly and legally issued U.S. Patent No. 8,632,865, entitled "Heat-Shrinkable Polyester Film." A copy of the '865 Patent is attached hereto as **Exhibit 2.**

20. On May 18, 2021, the USPTO duly and legally issued U.S. Patent No. 11,008,435, entitled "Method for Reproducing Polyester Container and Reproduced Polyester Chip Prepared Therefrom." A copy of the '435 Patent is attached hereto as **Exhibit 3.**

21. On October 26, 2021, the USPTO duly and legally issued U.S. Patent No. 11,155,691, entitled "Method for Reproducing Polyester Container and Polyester Film Used in the Method." A copy of the '691 Patent is attached hereto as **Exhibit 4.**

22. On May 23, 2023, the USPTO duly and legally issued U.S. Patent No. 11,655,062, entitled "Heat Shrinkable Film and Preparation Method Thereof." A copy of the '062 Patent is attached hereto as **Exhibit 5.**

23.   On October 13, 2020, the USPTO duly and legally issued U.S. Patent No. 10,800,897, entitled "Heat Shrinkable Film and Method for Reproducing Polyester Container Using Same." A copy of the '897 Patent is attached hereto as **Exhibit 6.**

24.   On October 13, 2020, the USPTO duly and legally issued U.S. Patent No. 10,800,898, entitled "Method for Reproducing Polyester Container and Reproduced Polyester Chip Prepared Therefrom." A copy of the '898 Patent is attached hereto as **Exhibit 7.**

25.   SK Microworks America is the owner by assignment or a licensee of the Patents-in-Suit. SK Microworks America owns all rights or has licensed the rights to the Patents-in-Suit, including the right to enforce the Patents-in-Suit.

26.   All maintenance fees for the Patents-in-Suit have been timely paid, and there are no fees currently due.

## DEFENDANTS' INFRINGING ACTIVITIES

27.   Defendants provide heat-shrinkable polyester film for use as packaging material, which can be applied to various shapes of bottles and containers that infringe one or more claims of the Patents-in-Suit. Defendants' accused heat-shrinkable film products include, but are not limited to, FENC's SHFTH20, SHFTH30, SHFTH40, SHFTH40-UV, SHFTH50, SHFTQ40, SHFTU40, and SHFTU50; and Multi-Plastics' 4BSL, 4BSH, 42WL, 42WH, 42UL, 42UH, 42SL, 42SH, 42RL, and 42RH products, and all versions and variations that infringe one or more claims if the Patents-in-Suit (collectively, "Accused Heat-Shrinkable Film Products").

28.   Non-limiting examples of the Accused Heat-Shrinkable Film Products include the below products provided by Defendant Multi-Plastics:

 

### TYPICAL PROPERTIES OF 42SL
### POLYESTER SHRINK SLEEVE FILMS

42SL Shrink Polyester has been validated by an independent laboratory to be compositionally identical to PET bottle resin, and inherently "Recycle Friendly"

**Description:**
42SL-0180 is a *high shrink/low stress* polyester film that offers optical properties for printing labels as well as conforming for a seamless finish.

**Characteristics of PET Shrink Film:**
* *Exclusive resin technology offering two side anti-static and two side print*
* Excellent printability
* High gloss and low haze
* Smooth shrinking curve with stable shrinkage
* Suitable for wide variety of shapes
* Reduced "smiling" on both ends of bottles
* Seaming works well with Flexcraft 12-103AT

| Property | | Units | Typical Values | Test Method |
|---|---|---|---|---|
| Thickness | | μm gauge | 45 180 | ASTM D 1400 |
| Yield | | in²/lb | 11,853 | |
| Friction COF | uK | | < 0.41 < 0.35 | ASTM D 1894 |
| Tensile Strength | MD TD | psi | 9,000 40,000 | ASTM D 882 |
| Heat Shrinkage(95°C) | MD TD | % | < 0.5 > 74.0 | 10 sec at 95°C Water |
| Haze | | % | 4.0 | ASTM D 1003 |
| Specific Gravity | | | 1.32 | |

**General Information**

Applications:
Shrink Label • Bundling • Tamper Evident
Suitable for Hot Air, Steam Tunnels

Gauges:
Standard - 180ga (45μ), Other Gauges Available

**Handling**

* AVOID exposure to sunlight
* Store in dry conditions between 104°F to 50°F (40°C to 10°C)
* Additional Handling and Product Health & Safety details available on request



Thickness & Yields may vary by +/- 10%
All data represents typical values by the methods indicated and should be considered so. The information herein, is to the best of our knowledge, true, and accurate. However, since conditions of use are beyond our control, all recommendations or suggestions are presented without guarantee or responsibility on our part.  No warranty is made or implied.

  

29.     On information and belief, Defendant FENC offers for sale, sells, and/or imports the Accused Heat-Shrinkable Film Products into the United States and Defendant Multi-Plastics then distributes and/or otherwise provides the Accused Heat-Shrinkable Film Products to customers within the United States.

30.     On or about September 2019, SK Microworks America sent a letter informing Defendants of SK Microworks America's heat-shrinkable film product

7

**COMPLAINT**

for shrink sleeve label applications (then known as SKC Ecolabel™) and of Defendants' infringement of at least the '047 Patent and '865 Patent, among others. In response, counsel for Defendant FENC indicated they were evaluating the identified patents relative to its products. On or about February 2021, SK Microworks America sent additional letters informing Defendants of their continued infringement of the '865 Patent in addition to their infringement of further patents, including the '897 and the '898 patents. On or about May 2021, Defendant Multi-Plastics' counsel responded to these letters indicating that it purchased raw materials from a supplier who would be in better position to answer claims of infringement. On or about July 2022, SK Microworks America responded to Defendant Multi-Plastics' counsel seeking more information, identifying claims which Multi-Plastics' products were believed to infringe, and offering a license to the identified patents.

31.     In addition to sending these letters, SK Microworks America had numerous phone calls, and met with Defendants at industry conferences, during which they informed Defendants that Accused Heat-Shrinkable Film Products infringed SK Microworks America' patents, including the Patents-in-Suit.

32.     Despite SK Microworks America's repeated notice, Defendants refused to cease their infringing activities. Accordingly, SK Microworks America was forced to bring this suit to protect its business and intellectual property.

33.     Defendants have, and continue to, willfully, knowingly, and intentionally infringe the Patents-in-Suit.

## COUNT I

### Defendants' Direct Infringement of the '047 Patent

34.     Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

35.     The '047 Patent is a valid, enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 1**.

36.     SK Microworks America is a licensee of the '047 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

37.     On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 of the '047 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

38.     Claim 1 of the '047 Patent claims:

1. A heat-shrinkable polyester film having a heat shrink-age initiation temperature of 60° C. or lower, a glass transition temperature (Tg) of 77° C. or lower and a heat shrinkage rate of 2% or more at 60° C.,

wherein the film has a heat shrinkage rate of 15% or more at 65° C., 42% or more at 70° C., and 70% or more at 80° C;

wherein the film is prepared by random-copolymerization of one kind of dibasic acid component with three kinds of diol components;

wherein the dibasic acid component (A1) is one of terephthalic acid and dimethyl terephthalate; and

wherein the diol components are (B1) ethylene glycol, (B2) one of the neopentyl glycol and cyclohexanedimethanol, and (B3) a linear diol component having three or more carbon atoms at a main chain thereof.

39.     For example, upon information and belief, Multi-Plastics' 42SL product infringes each of the above limitations of claim 1 of the '047 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

40.     A more detailed analysis of Defendants' infringement of claim 1 of the '047 Patent can be found in **Exhibit 8** which is incorporated herein.

41.     Defendants' have committed these acts of infringement without license or authorization.

42.     Defendants' infringement of the '047 Patent has been, and continues to be, willful, knowing, and intentional.

43.     Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

44.     Defendants have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '047 Patent.

<u>**COUNT II**</u>

**Defendants' Direct Infringement of the '865 Patent**

45.     Paragraphs 1 through 44 are incorporated by reference as if fully restated herein.

46.     The '865 Patent is a valid enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 2.**

47.     SK Microworks America is a licensee of the '865 Patent with full right to pursue recovery of royalties for damages for infringement, including full rights to recovery past and future damages.

48.     On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 on the '865 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

49.     Claim 1 of the '865 Patent claims:

10

**COMPLAINT**

1. A heat-shrinkable polyester film having a heat-shrinkage change
   per degree Celsius (%/° C.) along the main shrinkage direction
   of 1.5 to 3.0 in the range of 60° C. to 70° C., 2.5 to 3.5 in the
   range of 70° C. to 80° C., 1.0 to 2.0 in the range of 80° C. to
   90° C., and 0.1 to 1.0 in the range of 90° C. to 100°C.,
wherein the heat-shrinkable polyester film is prepared by using a
   copolyester composition comprising:
(i) a dibasic acid component comprising a least 90 mil % of
   terephthalic acid residue based on 100 mil % of the dibasic
   acid component; and
(ii) a diol component comprising (a) 1 to 20 mol % of diethylene
   glycol, (b) 5 to 30 mil % of neopentyl glycol, and (c) 50 to 90
   mol % of ethylene glycol, based on 100 mol % of the diol
   component.

50.   For example, upon information and belief, Multi-Plastics' 42SH product infringes each of the above limitations of claim 1 of the '865 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

51.   A more detailed analysis of Defendants' infringement of claim 1 of the '865 can be found in **Exhibit 9** which is incorporated herein.

52.   Defendants have committed these acts of infringement without license or authorization.

53.   Defendants' infringement of the '865 Patent has been, and continues to be, willful, knowing, and intentional.

54.   Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

55.   Defendants have caused, and unless restrained and enjoined, will

**COMPLAINT**

continue to cause irreparable injury and damages to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '865 Patent.

## COUNT III

### Defendants' Direct Infringement of the '435 Patent

56. Paragraphs 1 through 55 are incorporated by reference as if fully restated herein.

57. The '435 Patent is a valid, enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 3.**

58. SK Microworks America is the assignee of the '435 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

59. On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 of the '435 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

60. Claim 1 of the '435 Patent claims:

1. A plastic container comprising:

a polyester container, and

a heat shrinkable film, which is provided at the polyester container;

wherein the heat shrinkable film is shrunk by steam or hot air to wrap
    the outer surface of the polyester container,

wherein the heat shrinkable film comprises a copolymerized polyester
    resin comprising a diol component and a dicarboxylic acid
    component and

has a heat shrinkage rate of 30% or more in the main shrinkage
    direction upon thermal treatment at a temperature of 80° C. for

12

**COMPLAINT**

10 seconds and

a melting point of 190° C. or higher as measured by differential

scanning calorimetry,

wherein when a plurality of flakes are thermally treated at a

temperature of 200° C. to 220° C. for 60 minutes to 120

minutes, the clumping fraction is 5% or less,

wherein the flakes comprise first flakes obtained by crushing the

container and the second flakes obtained by crushing the heat

shrinkable film.

61.    For example, upon information and belief, Multi-Plastics' 42SH product infringes each of the above limitations of claim 1 of the '435 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

62.    A more detailed analysis of Defendants' infringement of Claim 1 of the '435 Patent can be found in **Exhibit 10** which is incorporated herein.

63.    Defendants have committed these acts of infringement without license or authorization.

64.    Defendants' infringement of the '435 Patent has been, and continues to be, willful, knowing, and intentional.

65.    Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

66.    Defendants have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '435 Patent.

## <u>COUNT IV</u>

### Defendants' Induced Infringement of the '435 Patent

**COMPLAINT**

67.     Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68.     On information and belief, Defendants' knowingly and intentionally induce others to infringe at least claim 1 of the '435 Patent in violation of 35 U.S.C. § 271(b) by instructing and/or aiding others to use the Accused Heat-Shrinkable Film Products in a manner that infringes one or more claims of the '435 Patent.

69.     As described above, since at least September 2019, Defendants have been aware of the Patents-in-Suit, including the '435 Patent, and of the infringing nature of the Accused Heat-Shrinkable Film Products.

70.     Despite knowledge of the '435 Patent, Defendants continue to actively encourage, aid, and instruct their customers to implement and use the Accused-Heat-Shrinkable Film Products in ways that directly infringe the '435 Patent (e.g., by instructing customers how to heat-shrink the Accused-Heat-Shrinkable Film Products onto containers). Defendants do so knowingly and intending that their customers will commit infringing acts.

71.     Defendants also continue to provide the Accused Heat-Shrinkable Film Products to customers, despite Defendants' knowledge of the '435 patent, thereby specifically intending for and inducing their customers to infringe the '435 Patent through their customers' normal and customary use of the Accused Heat-Shrinkable Film Products.

72.     Plaintiff has suffered economic harm because of Defendants' induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

73.     Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '435 Patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT V

### Defendants' Contributory Infringement of the '435 Patent

74.   Paragraphs 1 through 73 are incorporated by reference as if fully restated herein.

75.   On information and belief, Defendants have also knowingly and willfully contributed, and continue to contribute, to their customers' direct infringement of the '435 Patent in violation of 35 U.S.C. § 271(c) by using, selling, offering to sell, and/or importing the Accused Heat-Shrinkable Film Products to customers.

76.   As described above, since at least September 2019, Defendants have been aware of the Patents-in-Suit, including the '435 Patent, and of the infringing nature of the Accused Heat-Shrinkable Film Products.

77.   As described above, Defendants provide customers with the Accused Heat-Shrinkable Film Products that are especially made and adapted for use as packaging material. The Accused Heat-Shrinkable Film Products are not a staple article of commerce and are not suitable for any non-infringing use. Use and implementation of the Accused Heat Shrinkable Film Products by Defendants and their customers infringes at least claim 1 of the '435 Patent.

78.   Plaintiff has suffered economic harm because of Defendants' contributory infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

79.   Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '435 Patent.

## COUNT VI

### Defendants' Direct Infringement of the '691 Patent

80.   Paragraphs 1 through 79 are incorporated by reference as if fully

restated herein.

81.   The '691 Patent is a valid, enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 4.**

82.   SK Microworks America is the assignee of the '691 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

83.   On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 of the '691 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

84.   Claim 1 of the '691 Patent claims:

1. A process for regenerating a polyester container, which comprises:

providing the polyester container and a heat-shrunken polyester film that wraps at least part of the polyester container;

crushing the polyester container and the heat-shrunken polyester film to obtain flakes; and

thermally treating the flakes to produce regenerated polyester chips,

wherein when the flakes are thermally treated at a temperature of 200° C. to 220° C. for 60 minutes to 120 minutes, the clumping fraction is 9% or less,

the flakes comprise first flakes obtained by crushing the container and second flakes obtained by crushing the heat-shrunken polyester film,

the heat-shrunken polyester film comprises a copolymerized polyester resin comprising a diol component and a dicarboxylic acid component, and

the amount of change in Col-a ($\Delta a$) before and after the heat-shrunken

16
**COMPLAINT**

polyester film is dried at 210° C. for 90 minutes is 1.50 or less,

or the amount of change in Col-b (Δb) before and after the firm

is dried at 210° C, for 90 minutes is 1.50 or less.

85.    For example, upon information and belief, Multi-Plastics' 42SH product infringes each of the above limitations of claim 1 of the '691 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

86.    A more detailed analysis of Defendants' infringement of Claim 1 of the '691 Patent can be found in **Exhibit 11**, which is incorporated herein.

87.    Defendants have committed these acts of infringement without license or authorization.

88.    Defendants' infringement of the '691 Patent has been, and continues to be, willful, knowing, and intentional.

89.    Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

90.    Defendants have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '691 Patent.

## <u>COUNT VII</u>

### **Defendants' Induced Infringement of the '691 Patent**

91.    Paragraphs 1 through 90 are incorporated by reference as if fully restated herein.

92.    On information and belief, Defendants' knowingly and intentionally induce others to infringe at least claim 1 of the '691 Patent in violation of 35 U.S.C. § 271(b) by instructing and/or aiding others to use the Accused Heat-Shrinkable Film Products in a manner that infringes one or more claims of the '691

Patent.

93.     As described above, since at least September 2019, Defendants have been aware of the Patents-in-Suit, including the '691 Patent, and of the infringing nature of the Accused Heat-Shrinkable Film Products.

94.     Despite knowledge of the '691 Patent, Defendants continue to actively encourage, aid, and instruct their customers to implement and use the Accused-Heat-Shrinkable Film Products in ways that directly infringe the '691 Patent (e.g., by instructing customers how to heat-shrink the Accused-Heat-Shrinkable Film Products onto containers). Defendants do so knowingly and intending that their customers will commit infringing acts.

95.     Defendants also continue to provide the Accused Heat-Shrinkable Film Products to customers, despite Defendants' knowledge of the '691 patent, thereby specifically intending for and inducing their customers to infringe the '691 Patent through their customers' normal and customary use of the Accused Heat-Shrinkable Film Products.

96.     Plaintiff has suffered economic harm because of Defendants' induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

97.     Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '691 Patent.

## <u>COUNT VIII</u>

### **Defendants' Contributory Infringement of the '691 Patent**

98.     Paragraphs 1 through 97 are incorporated by reference as if fully restated herein.

99.      On information and belief, Defendants have also knowingly and willfully contributed, and continue to contribute, to their customers' direct

**COMPLAINT**

infringement of the '691 Patent in violation of 35 U.S.C. § 271(c) by using, selling, offering to sell, and/or importing the Accused Heat-Shrinkable Film Products to customers.

100.   As described above, since at least September 2019, Defendants have been aware of the Patents-in-Suit, including the '691 Patent, and of the infringing nature of the Accused Heat-Shrinkable Film Products.

101.   As described above, Defendants provide customers with the Accused Heat-Shrinkable Film Products that are especially made and adapted for use as packaging material. The Accused Heat-Shrinkable Film Products are not a staple article of commerce and are not suitable for any non-infringing use. Use and implementation of the Accused Heat Shrinkable Film Products by Defendants and their customers infringes at least claim 1 of the '691 Patent.

102.   Plaintiff has suffered economic harm because of Defendants' contributory infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

103.   Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '691 Patent.

## COUNT IX

### Defendants' Direct Infringement of the '062 Patent

104.   Paragraphs 1 through 103 are incorporated by reference as if fully restated herein.

105.   The '062 Patent is a valid, enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 5.**

106.   SK Microworks America is a licensee of the '062 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

107.   On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 of the '691 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

108.   Claim 1 of the '062 Patent claims:

A heat shrinkable film, which comprises a polyester resin,

wherein heat shrinkage characteristics of the heat shrinkable film in a
        direction perpendicular to a main shrinkage direction satisfy
        the following Relationships 1 and 2:

        $-15 \leq T_{70-65} \leq 0$                            [Relationship 1]

        $0 \leq \Delta T_{100-95} \leq 5$                        [Relationship 2]

wherein $\Delta T_{x-y}$ is a value obtained by subtracting a heat shrinkage rate
        of the heat shrinkable film in the direction perpendicular to the
        main shrinkage direction after the heat shrinkable film is
        immersed in a water bath for 10 second at $Y° C$. from a heat
        shrinkage rate of the heat shrinkable film in the direction
        perpendicular to the main shrinkage direction after the heat
        shrinkable film is immersed in a water bath for 10 seconds at
        $X° C.$;

wherein the polyester resin comprises a dicarboxylic acid component
        and a diol component;

wherein the diol component comprises neopentyl glycol in an amount
        of 10 to 30 mol % based on a total number of moles of the diol
        component; and

wherein a heat of crystallization ($\Delta Hc$) measured by differential
        scanning calorimetry (DSC) of the heat shrinkable film is 0 to
        30 J/g.

**COMPLAINT**

109.   For example, upon information and belief, Multi-Plastics' 42SL product infringes each of the above limitations of claim 1 of the '062 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

110.   A more detailed analysis of Defendants' infringement of Claim 1 of the '062 Patent can be found in **Exhibit 12**, which is incorporated herein.

111.   Defendants have committed these acts of infringement without license or authorization.

112.   Defendants' infringement of the '062 Patent has been, and continues to be, willful, knowing, and intentional.

113.   Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

114.   Defendants have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '062 Patent.

## COUNT X

### Defendants' Direct Infringement of the '897 Patent

115.   Paragraphs 1 through 114 are incorporated by reference as if fully stated herein.

116.   The '897 Patent is a valid, enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 6.**

117.   SK Microworks America is the assignee of the '897 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

118.   On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 of the

'897 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

119.  Claim 1 of the '897 Patent claims:

A heat shrinkable film, which comprises a copolymerized polyester

resin comprising a diol component and a dicarboxylic acid

component and

has a heat shrinkage rate of 30% or more in the main shrinkage

direction upon thermal treatment at a temperature of 80° C. for

10 seconds and

a melting point of 190° C. or higher as measured by differential

scanning calorimetry.

120.  For example, upon information and belief, Multi-Plastics' 42SH product infringes each of the above limitations of claim 1 of the '897 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

121.  A more detailed analysis of Defendants' infringement of Claim 1 of the '897 Patent can be found in **Exhibit 13**, which is incorporated herein.

122.  Defendants have committed these acts of infringement without license or authorization.

123.  Defendants' infringement of the '897 Patent has been and continues to be, willful, knowing, and intentional.

124.  Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

125.  Defendants have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue

22

**COMPLAINT**

to infringe the '897 Patent.

## COUNT XI

### Defendants' Direct Infringement of the '898 Patent

126. Paragraphs 1 through 125 are incorporated by reference as if fully restated herein.

127. The '898 Patent is a valid, enforceable, and patent eligible patent that was duly issued by the USPTO. **Exhibit 7.**

128. SK Microworks America is the assignee of the '898 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

129. On information and belief, Defendants have directly infringed (literally and equivalently), and continue to directly infringe, at least claim 1 of the '898 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, offering for sale, and/or importing one or more of the Accused Heat-Shrinkable Film Products.

130. Claim 1 of the '898 Patent claims:

A process for regenerating a polyester container, which comprises

preparing the polyester container provided with a heat shrinkable film comprising a copolymerized polyester resin comprising a diol component and a dicarboxylic acid component;

crushing the container provided with the heat shrinkable film to obtain flakes; and

thermally treating the flakes to produce regenerated polyester chips,

wherein when the flakes are thermally treated at a temperature of 200° C. to 220° C. for 60 minutes to 120 minutes, the clumping fraction of 5% of less; and

the flakes comprise first flakes obtained by crushing the container and

23

second flakes obtained by crushing the heat shrinkable film.

131.   For example, upon information and belief, Multi-Plastics' 42SH product infringes each of the above limitations of claim 1 of the '898 Patent. Upon information and belief, Multi-Plastics imports this product for sale and distribution from FENC.

132.   A more detailed analysis of Defendants' infringement of Claim 1 of the '898 Patent can be found in **Exhibit 14**, which is incorporated herein.

133.   Defendants have committed these acts of infringement without license or authorization.

134.   Defendants' infringement of the '898 Patent has been, and continues to be, willful, knowing, and intentional.

135.   Plaintiff has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

136.   Defendants have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '898 Patent.

## COUNT XII

### Defendants' Induced Infringement of the '898 Patent

137.   Paragraphs 1 through 136 are incorporated by reference as if fully restated herein.

138.   On information and belief, Defendants knowingly and intentionally induce others to infringe at least claim 1 of the '898 Patent in violation of 35 U.S.C. § 271(b) by instructing and/or aiding others to use the Accused Heat-Shrinkable Film Products in a manner that infringes one or more claims of the '898 Patent.

139.   As described above, since at least September 2019, Defendants have

**COMPLAINT**

been aware of the Patents-in-Suit, including the '898 Patent, and of the infringing nature of the Accused Heat-Shrinkable Film Products.

140.   Despite knowledge of the '898 Patent, Defendants continue to actively encourage, aid, and instruct their customers to implement and use the Accused-Heat-Shrinkable Film Products in ways that directly infringe the '898 Patent (e.g., by instructing customers how to heat-shrink the Accused-Heat-Shrinkable Film Products onto containers). Defendants do so knowingly and intending that their customers will commit infringing acts.

141.   Defendants also continue to provide the Accused Heat-Shrinkable Film Products to customers, despite Defendants' knowledge of the '898 patent, thereby specifically intending for and inducing their customers to infringe the '898 Patent through their customers' normal and customary use of the Accused Heat-Shrinkable Film Products.

142.   Plaintiff has suffered economic harm because of Defendants' induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

143.   Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '898 Patent.

## COUNT XIII

### Defendants' Contributory Infringement of the '898 Patent

144.   Paragraphs 1 through 143 are incorporated by reference as if fully restated herein.

145.   On information and belief, Defendants have also knowingly and willfully contributed, and continue to contribute, to their customers' direct infringement of the '691 Patent in violation of 35 U.S.C. § 271(c) by using, selling, offering to sell, and/or importing the Accused Heat-Shrinkable Film Products to

**COMPLAINT**

customers.

146.  As described above, since at least September 2019, Defendants have been aware of the Patents-in-Suit, including the '898 Patent, and of the infringing nature of the Accused Heat-Shrinkable Film Products.

147.  As described above, Defendants provide customers with the Accused Heat-Shrinkable Film Products that are especially made and adapted for use as packaging material. The Accused Heat-Shrinkable Film Products are not a staple article of commerce and are not suitable for any non-infringing use. Use and implementation of the Accused Heat Shrinkable Film Products by Defendants and their customers infringes at least claim 1 of the '898 Patent.

148.  Plaintiff has suffered economic harm because of Defendants' contributory infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

149.  Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '898 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, SK Microworks America, respectfully requests the following relief: a

1.  A judgment that Defendants have directly infringed the '047 Patent;

2.  A judgment that Defendants have directly infringed the '865 Patent;

3.  A judgment that Defendants have directly infringed the '435 Patent;

4.  A judgment that Defendants have induced infringement of the '435 Patent;

5.  A judgment that Defendants have contributorily infringed the '435 Patent;

6.  A judgement that Defendants have directly infringed the '691 Patent;

26

**COMPLAINT**

7. A judgement that Defendants have induced infringement of the '691 Patent;

8. A judgement that Defendants have contributorily infringed the '691 Patent;

9. A judgement that Defendants have directly infringed the '062 Patent;

10. A judgement that Defendants have directly infringed the '897 Patent;

11. A judgement that Defendants have directly infringed the '898 Patent;

12. A judgement that Defendants have induced infringement of the '898 Patent;

13. A judgement that Defendants have contributorily infringed the '898 Patent;

14. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 to adequately compensate Plaintiff for Defendants' infringement;

15. An adjudication that Defendants' infringement of the Patents-in-Suit has been willful and deliberate;

16. An adjudication that Plaintiff be awarded treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the Patents-in-Suit;

17. An adjudication that this case is exceptional within the meaning of 35 U.S.C. § 285;

18. An adjudication that Plaintiff be awarded the attorneys' fees, costs, and expenses it incurs in prosecuting this action; and

19. An adjudication that Plaintiff be awarded such further relief at law or in equity as the court deems just and proper.

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED:  December 8, 2023                    HAYNES AND BOONE, LLP


By: /s/Kenneth Parker
_____
Kenneth Parker
*Attorneys for*
*SK Microworks America, Inc.*

**COMPLAINT**